UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVEON CARL JORDAN-MCFEELY,<br><br>Petitioner,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>Respondent. | No. 2:21-cv-00074-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the filing fee for this action.

On January 31, 2021, petitioner filed a first amended § 2241 petition challenging his conditions of confinement during the COVID-19 pandemic. ECF No. 4. By way of relief, petitioner seeks the "mandatory depopulation of FCI Herlong and all of [the] BOP during [the] pandemic," compensatory damages, his transfer to home confinement, and the "mandate that every BOP inmate be restricted to single cell." ECF No. 4 at 7.

A § 2241 habeas corpus petition is a vehicle for a federal prisoner's challenge to the execution of his sentence. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Challenges to a prisoner's conditions of confinement, however, must be brought through a civil rights action, rather than through a habeas corpus petition. See Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its

duration are the province of habeas corpus . . .; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (citation omitted). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief]" and, instead, should be brought as a civil rights claim "in the first instance." Nelson v. Campbell, 541 U.S. 637, 643 (2004); Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016).

In light of the foregoing, the court will recommend that petitioner's first amended § 2241 petition be dismissed without prejudice to presenting the claims for relief in a civil rights action pursuant to 42 U.S.C. § 1983. For these reasons, the court will recommend that petitioner's petition for writ of habeas corpus be summarily dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus be summarily dismissed without prejudice; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 29, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/jord0074.summdismiss.2241.doc